SYLLABUS

(This syllabus is not part of the opinion of the Court. It has been prepared by the Office of the Clerk for the convenience of the reader. It has been neither reviewed nor approved by the Supreme Court. Please note that, in the interest of brevity, portions of any opinion may not have been summarized.)

**Matthew J. Barrick, Jr. v. State of New Jersey (A-8/9-13) (072795)**

**Argued May 6, 2014 -- Decided July 23, 2014**

**LaVECCHIA, J., writing for a unanimous Court.**

In this appeal, the Court considers whether the New Jersey Division of Property Management and Construction (the Division) acted arbitrarily in awarding a contract for the lease of office space to the lowest bidder. The Court also considers whether the matter was rendered moot by the expenditure of State resources in performance of the contract after the unsuccessful bidder failed to seek a stay of the award pending appeal.

On September 28, 2010, the Division, which procures and manages leases for the State, posted a request for proposals (RFP) seeking bids from property owners in Morris County for a ten-year lease of office space to be used by the Department of Labor (DOL) as a one-stop career center. The Division also sent a leased space proposal package to four property owners who had requested to be maintained on the agency's files, including respondent, Matthew Barrick, Jr., and RMD Properties, LLC (RMD). A detailed scope of work (SOW) set forth several requirements for the prospective location, including that the property be within one-quarter mile of accessible public transportation. At the close of the RFP period in November 2010, the Division had received four bids, among them Barrick's and RMD's. The bidders submitted best and final offers (BAFOs), and Barrick's bid was determined to be the most cost-effective, followed by RMD's. However, after a second round of BAFOs, the Division determined that RMD, which had reduced its BAFO, had submitted the most cost-effective bid, followed by Barrick, who had not altered his BAFO. On October 20, 2011, the Division issued a notice of intent to award the lease to RMD.

Barrick challenged the award, arguing that RMD's proposal failed to satisfy the distance-to-public-transportation requirement because its property was located .58 miles from the nearest bus stop. The Division determined that none of the bid properties, including Barrick's, were located within one-quarter mile of public transit. After consultation with the DOL, the Division decided that the proposals would not be deemed non-conforming based on the distance requirement since it was not imposed by statute or regulation and each property was close enough to public transportation to meet the DOL's needs. On March 30, 2012, the Director of the Division issued a final agency decision recommending award of the lease to RMD. He noted that cost-effectiveness was of paramount importance in his decision and the distance requirement was not a determinative factor. Barrick sought reconsideration and to supplement the record to reflect that there is a bus stop just within one-quarter mile of his property, which he had failed to identify in his original proposal. The Division upheld the award to RMD, explaining that, although Barrick's property satisfied the distance requirement, it had determined prior to awarding the lease that the requirement was not outcome-determinative.

Barrick appealed without seeking a stay of the agency's decision. The Appellate Division panel reversed the award and remanded the matter to the Division either to award the lease to Barrick or rebid the project. Barrick v. State, Dep't of Treasure, Div. of Prop. Mgmt. & Constr., 430 N.J. Super. 377, 391 (App Div. 2013). The panel determined that the distance requirement was not waivable and that the monetary difference between RMD's and Barrick's bids was insignificant. In light of Barrick's supplemental information, the panel determined that his was the only compliant bid and the Division abused its discretion by awarding the lease to RMD. The Division and RMD moved for reconsideration, contending that the appeal was moot since the lease had been executed and significant resources expended to render RMD's property compliant with the SOW. The panel denied the motion and refused to address the mootness issue because it was not raised on direct appeal. This Court granted the Division's and RMD's petitions for certification. 215 N.J. 487 (2013).

**HELD:** The Director's determination that the distance requirement was not material to the RFP was unassailably reasonable and the decision awarding the lease contract to RMB was not arbitrary, capricious, or

1

unreasonable. Under the circumstances, the Court declines to consider the mootness issue, but warns future unsuccessful bidders that sitting on the right to seek a stay may imperil any opportunity for a merits review.

1. Public bidding statutes exist for the taxpayers' benefit and are construed with sole reference to the public good. The statutes are intended to guard against favoritism and corruption, while securing the benefits of unfettered competition. N.J.S.A. 52:34-12(a)(g), which governs the advertisement for bids concerning leases, requires agencies to act with reasonable promptness in awarding the contract to the conforming bid that is most advantageous to the State. Discretion is vested in the Director of the Division, and the decision is reviewed under the gross abuse of discretion standard. In order to maintain a level playing field for all bidders, requirements that are material to the RFP may not be waived and the Division may not award a contract to a bidder whose proposal deviates materially from those requirements. Agency determinations as to whether a requirement is material, or whether a bid conforms to an RFP's requirements, are not disturbed unless the decision is arbitrary, capricious, unreasonable, or unsupported by credible evidence. In applying that standard of review, an appellate court may not substitute its judgment for that of the agency. (pp. 11-14)

2. The threshold step in determining whether an RFP requirement is material and, consequently, non-waivable is to determine whether there is a deviation from the RFP. In order to ensure a fair and impartial public contract award process, that determination must be made by the Director at the time the bids are opened. The correctness of the Director's determination is reviewed on the basis of the information available at that time. If a deviation occurs and an award is made, a reviewing court must first assess whether the effect of a waiver would be to deprive the public entity of its assurance that the award will be based on the specified requirements. It must then determine whether waiver would adversely affect competitive bidding by placing a bidder in a position of advantage or by otherwise undermining the necessary common standard of competition. (pp. 14-16)

3. Here, at the time bids were opened, the Director properly determined that all qualified bidders had submitted proposals that deviated from the RFP by exceeding the distance-to-public-transportation requirement. The Director also correctly refused to consider Barrick's belated attempt to supplement his original proposal. The Appellate Division's determination that this amendatory material rendered Barrick's bid conforming constituted an improper substitution of the court's judgment for the Director's. Turning next to the question of whether the deviation from the distance-to-public-transportation requirement was material, the Court finds that the Director reasonably determined that it was not, based on his consultation with the DOL, recognition that the requirement was not legally mandated, and determination that the distances by which the bids exceeded the requirement were de minimis. Thus, the Director's award decision was unassailably reasonable and consonant with the statutory process he is tasked with administering. Consequently, his determination that cost-effectiveness was the factor of paramount importance and his subsequent award to the lowest bidder was entitled to deference. The decision was neither arbitrary, capricious, nor unreasonable. (pp. 16-18)

4. In light of the Court's decision finding error in the Appellate Division's reversal of the Division's award to RMD, it declined to address the parties' arguments for a bright-line rule in favor of mootness when an unsuccessful bidder fails to seek a stay in order to appeal a bid award. However, the Court notes that an unsuccessful bidder, who does not promptly seek a stay of a lease bid award under Rule 2:9-8 when appealing an award determination, acts at his, her, or its peril. The Court cautions against any expectation that a merits review will be available to unsuccessful bidders who sit on their right to seek a stay. The appellate process is equipped for stay applications in bidding disputes and such relief ought to be pursued as a matter of course. Rule 2:9-8 provides an avenue to accommodate the interests of the public and all parties in a swift and fair review of alleged improprieties in the bid award process. (pp. 18-20)

The judgment of the Appellate Division is **REVERSED**.

**CHIEF JUSTICE RABNER, JUSTICES PATTERSON and FERNANDEZ-VINA, and JUDGES RODRÍGUEZ and CUFF (both temporarily assigned) join in JUSTICE LaVECCHIA's opinion. JUSTICE ALBIN did not participate.**

MATTHEW J. BARRICK, JR.,

    Appellant-Respondent,

        v.

STATE OF NEW JERSEY,
DEPARTMENT OF TREASURY,
DIVISION OF PROPERTY
MANAGEMENT AND CONSTRUCTION,

    Respondents-Appellants.


        Argued May 6, 2014 – Decided July 23, 2014

        On certification to the Superior Court,
        Appellate Division, whose opinion is
        reported at 430 N.J. Super. 377 (2013).

        Christine Cartwright Baker, Deputy Attorney
        General, argued the cause for appellants
        State of New Jersey, Department of Treasury,
        Division of Property Management and
        Construction (John J. Hoffman, Acting
        Attorney General, attorney; Beth Leigh
        Mitchell, Assistant Attorney General, of
        counsel; Thomas A. Edenbaum, on the briefs).

        Karen A. Confoy argued the cause for
        appellant RMD Properties, LLC (Fox
        Rothschild, attorneys; Ms. Confoy and Joseph
        Schramm, III, on the briefs).

        Vito A. Pinto argued the cause for
        respondent (Lindabury, McCormick, Estabrook
        & Cooper and Brierley & Humick, attorneys;
        Douglas S. Brierley, of counsel; Francis G.
        Grather of Daly & Associates, on the
        briefs).

JUSTICE LaVECCHIA delivered the opinion of the Court.

At issue in this appeal is whether the New Jersey Division of Property Management and Construction (the Division) acted arbitrarily when it awarded a contract for the lease of office space for use as a one-stop career center to RMD Properties, LLC (RMD), the lowest bidder. The award was made to RMD after the Director of the Division,[1] in consultation with the Department of Labor (DOL), the agency for which the space was to be used, determined that an advertised requirement that the site location be within one-quarter mile of public transportation could be waived. The distance requirement was not compelled by law and, at the time of the bid opening, no bid submitted by a qualified bidder satisfied the original distance requirement. After the Director awarded the bid, respondent, Matthew J. Barrick, Jr., an unsuccessful bidder, appealed. However, he failed to seek a stay. Accordingly, also at issue is whether the matter was rendered moot by the expenditure of State resources in performance of the contract after Barrick's failure to seek a stay of the award.

The Appellate Division held that the waiver of the advertised distance requirement was improper, reversed the Director's award of the lease, and remanded the matter to the

_____

[1] The terms "Director" and "Division" are used interchangeably throughout this opinion.

2

Division to award the lease to Barrick or to rebid the project. We granted the Division's and RMD's petitions for certification and now reverse the judgment of the Appellate Division. We conclude that the agency determination was not arbitrary or capricious and that it was error for the appellate panel to have substituted its judgment for that of the Director.

I.

The Division is tasked with procuring and managing leases for the State. On September 28, 2010, the Division posted a request for proposals (RFP) on its website seeking bids from property owners in Morris County for the ten-year lease of office space to be used by the DOL as a one-stop career center. The center provides career and occupational skills training services to unemployed, disadvantaged, displaced, and disabled persons. The Division also sent a leased space proposal package to four property owners that previously had requested to be maintained on the agency's files: respondent, Matthew Barrick; RMD; Highway Enterprises, Inc.; and Mynt Properties, LLC (Mynt). The one-stop career center had been located on Barrick's property for many years prior to the RFP but the State, citing public safety concerns, had decided to seek bids for a new lease.

A detailed scope of work (SOW), incorporated by reference into the RFP, set forth several requirements for the prospective

3

location.  Among those requirements was that "[t]he office shall be located within 1/4 mile of a mode of accessible public transportation (bus route or other means)."

At the close of the RFP period on November 10, 2010, the Division had received four bids.  Barrick, RMD, Highway Enterprises, and Mynt each submitted bids.  Mynt's bid subsequently was rejected as nonresponsive.[2]  On May 12, 2011, the Division requested a best and final offer (BAFO) from each of the remaining three bidders.  Barrick's bid was determined to be the most cost effective, followed by RMD's and then Highway Enterprises'.  On September 22, 2011, because over ninety days had elapsed since the submission of bids, the Division requested a second round of BAFOs.  See N.J.A.C. 17:11-6.4 ("Unless the RFP states otherwise, the prices submitted shall remain effective for 90 days after the opening date . . . .").  After receiving the second round of BAFOs, the Division determined that RMD -- which had reduced its BAFO, resulting in a net present value of $3,022,596 for the life of the lease -- had submitted the most cost-effective bid, followed by Barrick and Highway Enterprises, whose BAFOs had not changed.  The Division

---

[2] In a letter dated May 12, 2011, the Division rejected Mynt's bid out of concern that disabled clients would not be able to access the property safely because of the lack of sidewalks to and from public transportation and heavy tractor-trailer traffic in the proposed site's common parking lot.

4

calculated the net present value for the life of the lease of Barrick's property to be $3,106,638. On October 20, 2011, the Division issued a notice of intent to award the lease to RMD.

Barrick challenged the award pursuant to N.J.A.C. 17:11-8.3 arguing, among other things, that RMD's proposal failed to satisfy the distance-to-public-transportation requirement because its property was located .58 miles from the nearest bus stop. After further evaluation, the Division determined that none of the three bid properties were located within one-quarter mile of public transit.[3] The Division conferred with the DOL and determined, first, that no statute or regulation imposed the quarter-mile requirement and, further, that each of the proposed properties were close enough to public transportation to meet the DOL's needs because none of the distance overages were significant. Based on those determinations, the Division determined that the proposals would not be deemed nonconforming based on the distance requirement and accepted all three bids.

On March 30, 2012, the Director issued a final agency decision that recommended the award of the lease to RMD.[4] In his

---

[3] The Division's investigation revealed that Barrick's property was .319 miles from the bus stop that Barrick identified in his bid submission as the nearest to his property.
[4] Following the Director's determination, the Division is required to publish a notice of proposed lease, which is submitted to the State Leasing and Space Utilization Committee (SLSUC) for approval. N.J.A.C. 17:11-7.1 to -7.4. The SLSUC is

decision, the Director declared that the extent to which each proposed property exceeded the public transportation distance requirement was de minimis and not a determinative factor in the Director's bid award. Cost-effectiveness was identified as of paramount importance in the Director's decision to whom to award the bid.

On April 9, 2012, Barrick sought reconsideration and contended that the record should be supplemented to reflect that there is a bus stop .2498 miles from his property. He argued that he had incorrectly identified in his original proposal a more distant bus stop as the nearest to his property. On April 24, the Division upheld the award to RMD. The Division acknowledged that Barrick's property, in fact as supplemented by the additional new information, did satisfy the distance requirement by one foot but noted that it had determined prior to awarding the lease to RMD that the distance requirement would not be outcome-determinative.

Barrick appealed the Division's final determination to the Appellate Division; however, he did not seek a stay of the

a joint committee of the New Jersey State Legislature comprised of the "President of the Senate, the Speaker of the General Assembly and the State Treasurer, or their respective designees." N.J.S.A. 52:18A-191.4. On May 24, 2012, the SLSUC approved the Director's award of the lease to RMD. Comm. Meeting of J. Leasing & Space Utilization Comm., 215th Leg., 1st Sess. 8-11 (N.J. 2012).

agency's decision either from the agency or from the Appellate Division. As noted, the Appellate Division reversed the Director's award of the lease to RMD and remanded the matter back to the Division either to award the lease to Barrick or to rebid the project. Barrick v. State, Dep't of Treasury, Div. of Prop. Mgmt. & Constr., 430 N.J. Super. 377, 391 (App. Div. 2013). The panel determined that the distance-to-public-transportation requirement in the RFP was not waivable and that the Division's "conclusory statement that RMD had the 'most cost effective proposal'" was inadequate in light of the insignificance of the monetary difference between bids relative to the roughly $3 million total cost of the project. Id. at 389. Because the distance requirement was non-waivable, the panel accepted the supplemental information submitted by Barrick and concluded that Barrick's was the only compliant bid and that the Division abused its discretion when it awarded the lease to RMD. Id. at 391.

The Division and RMD filed a motion for reconsideration before the Appellate Division, contending that the appeal was now moot because the lease had already been executed and significant resources had been expended to bring RMD's property into compliance with the SOW. Specifically, RMD stated that it had secured a $1.8 million loan and that the renovations needed to comply with the SOW had begun. The Division represented that

7

it had also purchased fitted furniture systems designed for RMD's property and was paying rent as a holdover tenant at a temporary location during the renovation.

On May 24, 2013, the panel denied the motion for reconsideration and refused to address the mootness issue because the parties had failed to raise it on direct appeal. We granted the Division's and RMD's petitions for certification. 215 N.J. 487 (2013).

## II.

### A.

The Division argues that the Appellate Division erred by interfering with a legitimate decision by the Director to award the bid to RMD. It stresses the broad discretion vested in the Director by N.J.S.A. 52:34-12 to protect the public interest and obtain for the State the most advantageous contract, "price and other factors considered." That discretion was not abused, according to the Division; rather, the Appellate Division misstepped by not allotting the agency's final determination the deference that is owed to an administrative agency acting within its field of expertise.

Moreover, focusing on its argument that Barrick's claim should have been held to be moot, the Division contends that the Appellate Division failed to consider analogous decisions involving construction contracts. The Division contends that

8

those cases militate against review of an agency's contract award decision if, when review is sought, the project is substantially complete or if considerable funds have been expended in preparation for performance of the contract. The Division maintains that Barrick's failure to seek a stay or otherwise "restrain the State from acting for over one year" contributed to the expenditure of substantial resources and that, as a result, Barrick should not have been entitled to appeal the contract award to RMD. Further, the Division argues that the Appellate Division's decision to award relief in the posture of this contract award dispute is counter to the interests of justice and results in "a waste of the substantial public monies spent and efforts by public employees taken and thwarts [the Division's] careful planning for cost savings anticipated from planned staff relocations."

Relatedly, the Division submits that the Appellate Division's failure to consider and apply equitable principles in this case will have a chilling effect on future lease procurement because requiring the State to wait until the resolution of all appeals before moving forward under awarded contracts will frustrate government leasing operations.

B.

Petitioner RMD contends that the Appellate Division improperly disregarded the Division's decision-making process.

9

Specifically, RMD submits that the appellate panel misapplied the test for determining whether a requirement listed in the SOW is material and, as a result, non-waivable.  RMD further argues that the Director properly assessed the waivability of the distance specification as of the time of the bid opening and that the Appellate Division erred in accepting Barrick's supplementation of his bid submission.

In addition, according to RMD, the Appellate Division should have dismissed Barrick's appeal as moot because Barrick did not seek a stay of the contract's award, and RMD and the Division reasonably proceeded with and completed renovations in accordance with the SOW while the appeal was pending.  RMD contends that upholding the panel's decision will discourage future bidders from entering into public contracts in New Jersey.

C.

Barrick argues that the Appellate Division properly reversed the Director's award of the lease to RMD.  Barrick also contends that petitioners are barred from raising the mootness argument now because they failed to properly raise the argument below.  According to Barrick, the cases cited by petitioners to support their mootness argument concerned nearly completed construction contracts and are therefore irrelevant to the instant action involving a lease for space.  Barrick argues

10

that, even if those cases were relevant, the ten-year lease period has yet to begin and, therefore, the disputed contract is not substantially complete, as in the construction cases. He contends that the instant appeal is therefore distinguishable.

III.

The public interest underlies the public-bidding process in this State. This Court has several times recognized that well-known purpose, stating that public bidding statutes exist

> for the benefit of the taxpayers and are construed as nearly as possible with sole reference to the public good. Their objects are to guard against favoritism, improvidence, extravagance and corruption; their aim is to secure for the public the benefits of unfettered competition.
>
> [Keyes Martin & Co. v. Dir., Div. of Purchase & Prop., 99 N.J. 244, 256 (1985) (quoting Terminal Constr. Corp. v. Atl. Cnty. Sewerage Auth., 67 N.J. 403, 409-10 (1975)) (internal quotation marks omitted) (citing Trap Rock Indus., Inc. v. Kohl, 59 N.J. 471, 479 (1971), cert. denied, 405 U.S. 1065, 92 S. Ct. 1500, 31 L. Ed. 2d 796 (1972)); see also In re DBC Project No. A0716-00, 303 N.J. Super. 384, 396 (App. Div. 1997) (noting same).]

N.J.S.A. 52:34-12(a)(g)[5] governs the advertisement for bids concerning leases and states that "award[s] shall be made with reasonable promptness, after negotiation with bidders where

---

[5] Formerly codified at N.J.S.A. 52:34-12(d), amended by L. 1986, c. 72, and N.J.S.A. 52:34-12(f), amended by L. 1999, c. 440, § 96.

11

authorized, by written or electronic notice to that responsible bidder whose bid, conforming to the invitation for bids, will be most advantageous to the State, price and other factors considered."  The public bidding statutory scheme vests discretion in the Director of the Division to select which of the responsive bids is "most advantageous to the State." N.J.S.A. 52:34-12(a).  An agency's choice from among responsible bidders under N.J.S.A. 52:34-12(a)(g) is reviewed under the gross abuse of discretion standard.  See Keyes Martin & Co., supra, 99 N.J. at 252-53; Commercial Cleaning Corp. v. Sullivan, 47 N.J. 539, 548-49 (1966); In re Protest of Award of On-Line Games Prod. & Operation Servs. Contract, 279 N.J. Super. 566, 592-93 (App. Div. 1995).

Although broad, the grant of discretion to the Director to administer the public bidding process is not limitless.  In line with the policy goal of thwarting favoritism, improvidence, extravagance, and corruption, the Division may not award a contract to a bidder whose proposal deviates materially from the RFP's requirements.  See In re On-Line Games Contract, supra, 279 N.J. Super. at 594-96, 602 (adopting test from Meadowbrook Carting Co. v. Borough of Island Heights, 138 N.J. 307, 315 (1994), and defining materiality as "whether waiver of the deviation would thwart the aims of the public bidding laws").  Deviations from material specifications risk transgressing the

12

duty to avoid favoritism, corruption, and the like.  Requiring adherence to material specifications maintains a level playing field for all bidders competing for a public contract.  Thus, requirements that are material to an RFP are non-waivable; the winning bidder's proposal must comply with all material specifications.  See In re Jasper Seating Co., 406 N.J. Super. 213, 219 (App. Div. 2009); In re On-Line Games Contract, supra, 279 N.J. Super. at 594.

Determinations as to whether a requirement is material, or whether a bid conforms to the requirements of an RFP, are reviewed under the ordinary standard governing judicial review of administrative agency final actions.  See In re On-Line Games Contract, supra, 279 N.J. Super. at 593.  Under that standard of review, an appellate court will not upset an agency's ultimate determination unless the agency's decision is shown to have been "arbitrary, capricious, or unreasonable, or [] not supported by substantial credible evidence in the record as a whole."  In re Stallworth, 208 N.J. 182, 194 (2011) (alteration in original) (quoting Henry v. Rahway State Prison, 81 N.J. 571, 579-80 (2007)) (internal quotation marks omitted); accord In re Proposed Quest Acad. Charter Sch. of Montclair Founders Grp., 216 N.J. 370, 385-86 (2013).  That standard is applicable on appellate review of an administrative agency's actions regardless of whether that action followed a quasi-adjudicative

13

hearing or, as in this case, an assessment of the relevant submissions and standards by an administrative head.  Cf. In re Proposed Quest Acad. Charter Sch., supra, 216 N.J. at 386.

In applying that standard of review, "an appellate court does not substitute its judgment . . . for that of [the] administrative agency."  In re Young, 202 N.J. 50, 70 (2010) (internal quotation marks omitted).  Instead, a court's inquiry is limited to:  (1) whether the agency's action violated the legislative policies expressed or implied in the act governing the agency; (2) whether the evidence in the record substantially supports the findings on which the agency's actions were premised; and (3) "whether in applying the legislative policies to the facts, the agency clearly erred in reaching a conclusion that could not reasonably have been made on a showing of the relevant factors."  In re Carter, 191 N.J. 474, 482 (2007) (quoting Mazza v. Bd. of Trs., 143 N.J. 22, 25 (1995)) (internal quotation marks omitted); accord Circus Liquors, Inc. v. Governing Body of Middletown Twp., 199 N.J. 1, 10 (2009); In re Alleged Improper Practice Under Section XI, Paragraph A(d) of the Port Auth. Labor Relations Instruction, 194 N.J. 314, 331-32, cert. denied, 555 U.S. 1069, 129 S. Ct. 754, 172 L. Ed. 2d 726 (2008); In re Herrmann, 192 N.J. 19, 28 (2007).

With respect to the determination of whether an RFP requirement must be regarded as material and, as a consequence,

non-waivable, the threshold step in the analysis is to determine whether there is a deviation.  See, e.g., In re Challenge of Contract Award Solicitation No. 13-X-22694 Lottery Growth Mgmt. Servs., __ N.J. Super. __, __ (App. Div. 2014) (slip op. at 30); In re On-Line Games Contract, supra, 279 N.J. Super. at 594. That determination necessarily must be made -- and made by the Director of the Division responsible for administering the bid proposal, review, and award process -- at the time that the bids are opened.  Cf. In re On-Line Games Contract, supra, 279 N.J. Super. at 591.  The timing requirement assures the bidders of an even playing field and the public of a fair and impartial public contract award process.  Ibid.  On review, a court's role is to examine the correctness of the Director's determination based on the information available to the Director at the time bids are opened.  See id. at 598 (holding "post-opening commitment to supply an essential [item] missing from a bid" constitutes "impermissible supplementation, change or correction" incompatible with purpose of public bidding scheme).

If a deviation is found and the Director nonetheless makes an award, then the analysis on appellate review must include two inquiries.  First, a reviewing court must assess "whether the effect of a waiver would be to deprive the [public entity] of its assurance that the contract will be entered into, performed and guaranteed according to its specified requirements."  Id. at

15

594-95 (internal quotation marks omitted) (acknowledging that analysis set forth in Meadowbrook Carting Co. is "applicable to both state and local contract cases"); see also Weidner v. Tully Envtl., Inc., 372 N.J. Super. 315, 325 (App Div. 2004); United States v. Joint Meeting of Essex & Union Cntys., 997 F. Supp. 593, 600 (D.N.J. 1998). Second, the court must determine whether the requirement at issue "is of such a nature that its waiver would adversely affect competitive bidding by placing a bidder in a position of advantage over other bidders or by otherwise undermining the necessary common standard of competition." In re On-Line Games Contract, supra, 279 N.J. Super. at 594-95 (internal quotation marks omitted).

IV.

Here, the Director's decision, made at the time bids were opened, included a determination that all qualified bidders had submitted proposals involving properties that exceeded the SOW requirement that the property be located within a quarter mile of public transportation. The deviation that was found to exist when the bids opened existed for all qualified bidders. We see no error in the Director's determination on that issue. The Director relied on the submissions of the bidders as he was required to do. See N.J.A.C. 17:11-6.7 to -6.10. Because the moment that bids are opened is decisive for determining whether bids are responsive on all or any part of the RFP requirements,

16

that is the point in time at which the Director's deviation determination should be judged.  The Director correctly determined that the bids deviated from the distance requirement.  The Director also correctly refused to consider Barrick's belated attempt to supplement his original bid proposal, long after it had been submitted, or to adjust its method of measurement of the property's distance from public transportation.  The Division correctly judged each of the bid proposals as deviating from the distance requirement based on the original information submitted in each proposal.  We therefore conclude that the Appellate Division erred in substituting its judgment for that of the Director and determining Barrick's bid to be conforming on the basis of its amendatory material.

Thus, having determined that the Director correctly perceived that the Division had received three bids that deviated from the distance requirement, we turn to examine the Director's determination that the deviation was not material.  We thus must review the Director's actions.  Our review leads to the conclusion that the Director's materiality determination and resultant award decision were unassailably reasonable and consonant with the statutory process he is tasked with administering.

17

Faced with three bids involving properties that exceeded the quarter-mile specification, the Director properly consulted with the procuring agency, here the DOL. In doing so, the Director learned that the quarter-mile requirement was not a legal requirement. It was not found in either a statute or a regulation. The Director further determined, in consultation with the DOL, that the distances by which the three bids exceeded the distance requirement, were de minimus in nature. All other requirements having been reviewed and no other deviations being found, the Director concluded that cost-effectiveness was the factor of paramount importance in the ten-year lease being procured. Accordingly, the Director awarded the bid to RMD, the lowest bidder. We conclude that the Director's award was entitled to deference on appellate review. The decision to award the lease contract to RMD was not arbitrary, capricious, or unreasonable. The Appellate Division erred in setting aside the Division decision awarding the bid to RMD.

V.

The State and RMD urge this Court to establish a bright-line rule that would declare as moot appeals of bid awards where an unsuccessful bidder fails to seek a stay when pursuing appellate review of the bid award. The State and RMD make a compelling argument that substantial funds were expended in

18

outfitting the property for use by the State.  Further, they point out that the lease procurement process involves the expenditure of time and resources in securing the requisite approval of the Space Utilization Committee that must precede the State's commitment to a long-term lease.

In light of our decision finding error in the Appellate Division's reversal of the Division's award to RMD, we need not address the parties' arguments in favor of a bright-line rule in favor of mootness when an unsuccessful bidder fails to seek a stay in order to appeal a bid award.  We note only that the parties' arguments highlight that an unsuccessful bidder, who does not promptly seek a stay of a lease bid award under Rule 2:9-8 when appealing an award determination, acts at his, her, or its peril.

For example, if the bidder does not seek a stay, by the time the unsuccessful bidder's appeal is heard the process of securing multi-Branch approvals and expenditure of funds on a building project -- whether it involves a lease or other construction work -- likely will have proceeded apace and the equities will be against the provision of relief on the merits. We caution against any expectation that a merits review will be readily available to such unsuccessful bidders who sit on their right to seek a stay and simply hope for a remedy down the road. The appellate process is equipped for stay applications in

19

bidding disputes and that relief ought to be pursued as a matter of course.

Contractual matters in which the State and its public entities engage must proceed with alacrity. The bidding administrative process is premised on prompt identification, review, and correction of any contracting process errors. See N.J.A.C. 17:11-6.2 to -6.9. The State's business and the public interest in the State's contractual endeavors should not be unreasonably delayed while an unsuccessful bidder seeks another level of review. Appellate review should be pursued with similar alacrity. Rule 2:9-8 provides an avenue to accommodate the interests of all parties in a swift and fair review of alleged improprieties in the bid award process.

VI.

The judgment of the Appellate Division is reversed.

CHIEF JUSTICE RABNER and JUSTICES PATTERSON and FERNANDEZ-VINA, and JUDGES RODRÍGUEZ and CUFF (both temporarily assigned) join in JUSTICE LaVECCHIA's opinion. JUSTICE ALBIN did not participate.

SUPREME COURT OF NEW JERSEY

NO. A-8/9                          SEPTEMBER TERM 2013

ON CERTIFICATION TO          Appellate Division, Superior Court


MATTHEW J. BARRICK, JR.,

          Appellant-Respondent,

                    v.

STATE OF NEW JERSEY,
DEPARTMENT OF TREASURY,
DIVISION OF PROPERTY
MANAGEMENT AND CONSTRUCTION,

          Respondents-Appellants.


DECIDED          July 23, 2014
Chief Justice Rabner                          PRESIDING
OPINION BY          Justice LaVecchia
CONCURRING/DISSENTING OPINIONS BY
DISSENTING OPINION BY

| CHECKLIST | REVERSE | |
|---|---|---|
| CHIEF JUSTICE RABNER | X | |
| JUSTICE LaVECCHIA | X | |
| JUSTICE ALBIN | ---------------------- | -------------------- |
| JUSTICE PATTERSON | X | |
| JUSTICE FERNANDEZ-VINA | X | |
| JUDGE RODRÍGUEZ (t/a) | X | |
| JUDGE CUFF (t/a) | X | |
| TOTALS | 6 | |

1