**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. <u>R.</u> 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5393-13T3

IN RE PETITION FOR EQUITABLE
MODIFICATION OF THE COST
APPORTIONMENTS FOR THE RIVER
DELL REGIONAL SCHOOL DISTRICT,
BERGEN COUNTY.

_____

Argued April 5, 2017 — Decided June 21, 2018

Before Judges Fuentes, Simonelli and Gooden
Brown.

On appeal from the New Jersey Commissioner of
Education, Docket No. 12-1/12.

Vito A. Gagliardi, Jr. and Kerri A. Wright
argued the cause for appellant Borough of
Oradell (Porzio, Bromberg & Newman, PC,
attorneys; Vito A. Gagliardi, Jr., of counsel
and on the brief; Kerri A. Wright and Phillip
C. Bauknight, on the briefs).

Francis J. Campbell argued the cause for
respondent Borough of River Edge (Campbell &
Pruchnik, LLC, attorneys; Francis J. Campbell,
of counsel and on the brief; Roslynne G.
Novack, on the brief).

Geoffrey N. Stark, Deputy Attorney General,
argued the cause for respondent New Jersey
Commissioner of Education (Christopher S.
Porrino, Attorney General, attorney; Melissa

Dutton Schaffer, Assistant Attorney General, of counsel; Geoffrey N. Stark, on the brief).

The opinion of the court was delivered by

FUENTES, P.J.A.D.

In <u>In re Petition for Authorization to Conduct a Referendum on the Withdrawal of the Borough of Oradell from the River Dell Req'l Sch. Dist.</u>, 406 N.J. Super. 198 (App. Div. 2009), this court upheld the Board of Review's decision to deny the Borough of Oradell's (Oradell) petition for authorization to conduct a referendum to withdraw from the River Dell Regional School District (River Dell). We held:

> The Board's determination was primarily informed by its finding that dissolution of the District would produce an excessive debt burden for the constituent school districts. Petitioner appeals, and <u>we affirm substantially for the reasons expressed by the Board</u>. In doing so, we conclude that a school district's excessive debt burden may be determined by factors in addition to a district's borrowing margin.
>
> [<u>Id.</u> at 201 (emphasis added).]

In April 2011, two years after this court affirmed the Board's decision and the Commissioner of Education Lucille Davy denied Oradell's reapportionment request, Oradell held a referendum on the tax contribution formula. The referendum failed because, although Oradell's voters approved the measure, River Edge's voters rejected it.

2 <span style="float:right">A-5393-13T3</span>

Relying on the Supreme Court's decision in <u>Petition for Authorization to Conduct a Referendum on Withdrawal of N. Haledon Sch. Dist. from the Passaic Cty. Manchester Reg'l High Sch. Dist.</u>, 181 N.J. 161 (2004), five months after the voters rejected the referendum, Oradell filed a petition seeking to have the Commissioner of Education reapportion the costs for supporting River Dell. On January 24, 2012, Acting Commissioner Christopher Cerf transmitted Oradell's request to the Office of Administrative Law as an uncontested case in accordance with N.J.A.C. 1:1-21.1, asking an Administrative Law Judge (ALJ) to

> make recommendations concerning whether Oradell has established that its situation is substantially similar to North Haledon's in [<u>North Haledon</u>] so as to entitle it to the extraordinary relief directed by the Supreme Court in that case, and if so, to recommend what would be an equitable funding formula for the River Dell Regional District.

The "extraordinary relief" the Court granted North Haledon was to remand the matter to the Commissioner "to develop, in consultation with the constituent municipalities, an equitable cost apportionment scheme for the Regional District." <u>N. Haledon</u>, 181 N.J. at 186. The Court did not declare that the Commissioner had the legal authority to unilaterally reapportion the funding schemes between participating municipalities.

Two years later, the ALJ issued a Report and Recommendation to the Commissioner, recommending that the Commissioner modify River Dell's tax contribution formula and suggesting that the formula use the following ratio: one-fifth based on property valuation and the rest based on the per-pupil cost. On June 2, 2014, then-Commissioner David C. Hespe rejected the ALJ's report, finding his office did not have the legal authority to grant Oradell the extraordinary relief it sought. The Commissioner advised Oradell to "follow the prescribed legal procedure for gaining relief from statutory mandates, i.e.[,] urge the Legislature to amend the law." The Commissioner provided five reasons for his decision.

First, the present case is factually distinguishable from North Haledon. Before our Supreme Court decided North Haledon and ordered the Manchester Regional School District to devise a new tax contribution formula, North Haledon's per-pupil cost had risen to $18,400, while Haledon and Prospect Park's costs had dropped to $5400 and $3400, respectively. N. Haledon, 181 N.J. at 168. The "$5000-$6000 disparity between the per-pupil costs of Oradell and River Edge is far less severe than . . . the differences of $15,000 and $13,000[,] which existed between North Haledon and the other constituents of Manchester Regional."

Second, Oradell differs procedurally from North Haledon because North Haledon met the threshold requirements for withdrawing from its regional district when the voters authorized its withdrawal via a referendum organized under N.J.S.A. 18A:13-58. N. Haledon, 181 N.J. at 172. By contrast, the voters here rejected Oradell's proposal.

Third, Oradell's present petition involves "an exercise of simple ministerial prudence and common sense" rather than a constitutional problem worthy of extraordinary action. Although all issues related to education contain a constitutional element, "the Commissioner [did] not find that the dispute over the advisability of the proposed breakup of River Dell, in and of itself, pose[d] a direct constitutional question" under North Haledon.

Even if Oradell's petition involved constitutional issues, Oradell would be responsible for inspiring such concerns because our State's Constitution and related statutory scheme bar Oradell from splitting a high-performing school district into two smaller districts, neither of which could survive on its own, just to save itself some money. Unlike the situation in North Haledon, nothing suggests that Oradell's withdrawal implicates a "constitutional issue [that] arose by way of a demographic circumstance beyond the control of [the departing municipality], which . . . would have

created <u>racial imbalance</u> in . . . [River Dell]." (Emphasis added). See also <u>N. Haledon</u>, 181 N.J. at 184.

Fourth, the ALJ's report in support of Oradell's position suffered from significant legal and factual defects. The report failed to consider the jurisprudence developed by our Supreme Court that described property valuation, rather than per-capita counts, as the most equitable way of funding schools. <u>See Robinson v. Cahill</u>, 62 N.J. 473 (1973). The Report also failed to closely analyze the parties' property values and median incomes before recommending a contribution plan based upon a 1:5 property-to-pupil ratio.

Finally, Oradell acted unreasonably when it relied on unofficial advice contained in a letter to the Commissioner from his counsel, i.e., the Office of the Attorney General, Department of Law and Public Safety, Law Division. This letter did not legally bind the Commissioner nor did it hold any precedential value. <u>See Bd. of Educ. of W. Windsor-Plainsboro Reg'l Sch. Dist., Mercer Cty. v. Bd. of Educ. of Twp. of Delran, Burlington Cty.</u>, 361 N.J. Super. 488, 493-94 (App. Div. 2003).

Oradell now appeals from the Commissioner's decision arguing it was arbitrary, capricious and inconsistent with the Supreme Court's decision in <u>North Haledon</u>. Our standard of review of a final agency decision is well-settled:

6

> [A]n appellate court will not upset an agency's ultimate determination unless the agency's decision is shown to have been arbitrary, capricious, or unreasonable, or [] not supported by substantial credible evidence in the record as a whole. That standard is applicable on appellate review of an administrative agency's actions regardless of whether that action followed a quasi-adjudicative hearing or . . . an assessment of the relevant submissions and standards by an administrative head.
>
> [Barrick v. State, 218 N.J. 247, 259 (2014) (alteration in original) (citations omitted).]

We discern no legal basis to disturb the Commissioner's decision. The Commissioner's decision not to reapportion the funding formula of this regional district was consistent with the Court's reasoning in North Haledon. Oradell did not demonstrate that it was compelled to remain a member of the River Dell School District because of a constitutional defect. Oradell does not suffer from an inequitable tax burden. This case is substantially different from the salient facts in North Haledon.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-5393-13T3