**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any judge." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5149-18T1

THASSIAN MECHANICAL
CONTRACTING, INC.,

     Plaintiff-Respondent,

v.

EAST BRUNSWICK BOARD
OF EDUCATION,

     Defendant,

and

HANNA'S MECHANICAL
CONTRACTORS, INC.,

     Defendant-Appellant.

_____

          Argued December 11, 2019 – Decided January 6, 2020

          Before Judges Koblitz, Whipple and Gooden Brown.

          On appeal from the Superior Court of New Jersey, Law
          Division, Middlesex County, Docket No. L-4865-19.

Robert T. Lawless argued the cause for appellant (Hedinger & Lawless, LLC, attorneys; Robert T. Lawless, on the briefs).

Thomas J. Hirsch argued the cause for respondent.

PER CURIAM

Defendant Hanna's Mechanical Contractors, Inc., the third lowest bidder, appeals from a July 24, 2019 order vacating the East Brunswick Board of Education's rejection of plaintiff Thassian Mechanical Contracting, Inc.'s bid and directing the Board to award the bid for project number 2020-06 to plaintiff, the lowest bidder.[1] We granted a stay and now affirm substantially for the reasons set forth on the record by Assignment Judge Alberto Rivas.

In April 2019 the Board solicited bids from contractors for an upcoming project at Churchill Junior High School. The project, designated as bid number 2020-01, was for HVAC upgrades and a roof replacement. The bids were issued with three different pricing options: pricing for the complete HVAC upgrades and roof replacement, pricing for the HVAC upgrades only, and pricing for the roof only. Plaintiff was among the contractors who submitted bids on May 16, 2019 for bid 2020-01.

---

[1] The Board takes no position on appeal.

A-5149-18T1

On May 22, 2019, the Board rejected all bids for bid 2020-01 due to material defects and decided to split the HVAC upgrades and the roof replacement into two separate projects. On June 4, 2019, the Board solicited new bids for the HVAC project, designated as bid number 2020-06, the bid at issue on appeal. The Board received four bids for 2020-06: plaintiff's for $7,196,000; EACM Corp.'s for $7,227,000; defendant's for $7,385,000; and AMCO Enterprises, Inc.'s for $7,491,000.

Prior to the Board's meeting, an agenda was posted online stating that plaintiff was the lowest bidder for bid 2020-06. The agenda also indicated that, "upon a review of the bid submissions and advice of legal counsel, the bids of [plaintiff] and EACM Corp., the first and second low bidders, must be rejected as the subcontractors for each did not submit the proper bid forms, namely the sworn contractor certification."

The Board informed plaintiff that its bid was being rejected because of plaintiff's failure to meet the requirements of N.J.S.A. 18A:7G-37. The letter from the Board attorney states:

> N.J.S.A. 18A:7G-37 provides that a prequalified contractor and any qualified subcontractors required to be named shall submit, as a condition of bidding, a sworn contractor certification. [Plaintiff's] subcontractors submitted the certifications for a prior bid, Bid #2020-01, and not Bid #2020-06. As the

3

proper forms were not submitted, [plaintiff's] bid must be rejected.

The contract for bid 2020-06 was awarded to defendant, whose bid was $189,000 more than plaintiff's bid.

Judge Rivas in an oral decision vacated the Board's rejection of plaintiff's bid and awarded bid 2020-06 to plaintiff as the "lowest responsible bidder." In rendering his decision, the judge first acknowledged the well-settled law of public bidding discussed in Hillside v. Sternin, 25 N.J. 317, 326 (1957). He pointed out that a material defect in a bid may not be waived, while "minor inconsequential variances and technical additions may be the subject of a waiver." The judge discussed the two-part test set forth in Twp. of River Vale v. R.J. Longo Constr. Co., 127 N.J. Super. 207, 216 (Law Div. 1974) and adopted in Meadowbrook Carting Corp. v. Island Heights Borough, 138 N.J. 307, 315 (1994) to determine whether a non-conforming bid is waivable. The judge restated the two-part test as: 1) "whether the effect of the waiver would be to deprive the municipality of its assurance [that] the contract would be entered into, perform[ed], and guarantee[d] according to its specified requirements" and 2) whether the defect is "of such [a] nature that its waiver would adversely affect competitive bidding by placing a bidder in a position of advantage over the other

bidders [or] by otherwise undermining the necessary common standard of competition."

Judge Rivas first analyzed plaintiff's bid under N.J.S.A. 18A:7G-37, which requires the bids to contain sworn contractor certifications from the prequalified contractor and its qualified subcontractors. The judge rejected defendants' argument that plaintiff's use of subcontractors' sworn certifications from a prior bid invalidates the current bid under the statute. The judge found that plaintiff's sworn certifications from its subcontractors from the previous bid were "essentially identical and approximately three weeks apart" from bid 2020-06 and "could reasonably be waived because every representation sworn to by the subcontractors [is] independently verifiable and supported by additional documents submitt[ed] in the bid."

Second, the judge found that plaintiff's submission of its subcontractors' prior sworn certifications "did not in any way influence plaintiff's bid." The judge also found "no evidence that indicates that the waiving of the subcontractor sworn certification requirements would place bidders on uneven footing." After finding the error waivable, the judge considered the Board's failure to waive the minor defect and concluded that the Board's decision was

5

"arbitrary, capricious, or unreasonable and not supported by substantial credible evidence in the record as whole."

He found that the rejection of plaintiff's bid as the lowest bidder "depriv[ed] East Brunswick residents of a $189,000 saving." The judge stated that the "statute was not meant to cost public bodies many thousands of dollars by requiring the acceptance of a higher bid for [a] mere technical violation."

"The standard of review on the matter of whether a bid on a local public contract conforms to specifications . . . is whether the decision was arbitrary, unreasonable or capricious." In re Protest of the Award of On-Line Games Prod. & Operation Servs. Contract, Bid No. 95-X-20175, 279 N.J. Super. 566, 590 (App. Div. 1995). An appellate court will not reverse a public entity's decision unless it is "shown to have been 'arbitrary, capricious, or unreasonable, or [] not supported by substantial credible evidence in the record as a whole.'" Barrick v. State, 218 N.J. 247, 259 (2014) (alteration in original) (quoting In re Stallworth, 208 N.J. 182, 194 (2011)). "The essential question to be determined is . . . whether [the authority's] decision represented a 'clear abuse of discretion.'" Waste Mgmt. of N.J., Inc. v. Union City Utils. Auth., 399 N.J. Super. 508, 526 (App. Div. 2008) (quoting Kramer v. Bd. of Adjustment, Sea Girt, 45 N.J. 268,

296–97 (1965)).  The judge is "obligated to give deference to the [a]uthority's determination."  <u>Waste Mgmt.</u>, 399 N.J. Super. at 525.

After careful de novo review, and giving the Board the required legal deference, we agree with Judge Rivas's determination that the minor defect in the bid was not material, and the rejection of the lowest bidder in these circumstances was an abuse of the Board's wide discretion.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-5149-18T1