166 N.J. Super. 330 (1979)
399 A.2d 1021
F.S.D. INDUSTRIES, INC., PLAINTIFF-RESPONDENT,
v.
BOARD OF EDUCATION OF THE CITY OF PATERSON AND ITT CONTINENTAL BAKING COMPANY, INC., MORTON FROZEN FOODS DIVISION, DEFENDANTS-APPELLANTS.
Superior Court of New Jersey, Appellate Division.
Argued December 5, 1978.
Decided February 28, 1979.
*332 Before Judges MATTHEWS, KOLE and MILMED.
Mr. Herman W. Steinberg argued the cause for appellant Board of Education of the City of Paterson.
Mr. Warren J. Kaps argued the cause for appellant ITT Continental Baking Company, Inc.
Mr. Robert L. Podvey argued the cause for respondent (Messrs. Podvey & Sachs, attorneys).
PER CURIAM.
Briefly summarized, the salient facts of this appeal are as hereinafter stated. Defendant board of education requested solicitation of bid proposals for a pre-plated lunch program to be conducted for students of the school district. The request for bids provided that the contract to *333 be awarded would be based upon price, attractiveness of product, wholesomeness, nutritional value and other subjective judgments as to the quality of the food. The board reserved the right to reject proposals, waive defects and award a contract which, in its judgment, might be deemed in the best interest of the Board and the students to be served. Plaintiff submitted a proposal containing a menu with the lowest per meal price. Defendant Morton Division was the second lowest bidder. The board adopted a resolution awarding the contract to Morton without stating any reason for rejecting plaintiff's bid. Plaintiff's application to the board for a hearing was denied.
Thereafter, in a proceeding in lieu of prerogative writs, the trial judge found that the contract should have been awarded to plaintiff as the lowest responsible bidder without regard to the subjective criteria mentioned above. Accordingly, he enjoined the board from entering into a contract with Morton and directed that the contract be awarded to plaintiff. We originally continued the restraint entered below, but after oral argument we dissolved it.
We have heard oral argument in this accelerated appeal and are satisfied that the trial judge was in error and reverse.
We believe that defendant Morton correctly argues that boards of education having administrative jurisdiction over "school districts" are excluded from the definition of "contracting unit" found in N.J.S.A. 40A:11-2(1)(c). That subsection provides, in pertinent part:
(1) "Contracting unit" means
* * * * * * * *
(c) Any board, commission, committee, authority or agency * * * which has administrative jurisdiction over any district other than a school district * * *. [Emphasis supplied]
The exception mentioned above was established by amendments in 1975 to the Local Public Contracts Law, L. 1975, c. 353. Section 1 of that amendatory legislation added the emphasized language. It seems clear, therefore, that the *334 legislative intent is to exclude local boards of education from the advertising requirements generally established by N.J.S.A. 40A:11-4.
The conclusion just mentioned is consonant with the provisions of N.J.S.A. 18A:18A-5(b) which provides that contracts for the furnishing of food supplies may be awarded by the board of education without public advertising for bids. This latter statute is part of the Public School Contracts Law, N.J.S.A. 18A:18A-1 et seq.; L. 1977, c. 114. The Public School Contracts Law was enacted to impose similar requirements on the purchasing procedures utilized by local boards of education to those required by the Local Public Contracts Law. Accordingly, there is an entirely separate statutory framework in which school boards must operate, thus rendering N.J.S.A. 40A:11-1 et seq. entirely inapplicable. We note that N.J.S.A. 18A:33-3 clearly provides that a board of education may obtain supplies for school cafeterias without advertisement.
Plaintiff argues that because defendant board of education solicited competitive bids, it was bound by the provisions of the contracting law. We disagree.
In A.C. Schultes & Sons v. Haddon Tp., 8 N.J. 103 (1951), the Supreme Court observed that in instances where no statutory requirement exists for competitive bidding, a municipality has the "right to award the contract in question to the bidder it felt would best serve the interests of its taxpayers." Id. at 107, 83 A.2d 896 at 898. Moreover, the court went on to conclude:
* * * Even though the municipality actually advertised as it did here, nevertheless, if the statutes are inapplicable, there is no obligation upon the city to award the contract to the low bidder. Unless the statute controls, the advertisement, specifications, opening the bids and other formal procedures are not legally required. * * * [At 108; emphasis supplied]
In such instances an award of the contract to a higher bidder should not be set aside except upon a showing of an *335 abuse of discretion or fraud. See also, 10 McQuillin, Municipal Corporations (3 ed. 1966, rev. vol.), § 29.73a at 431, 432.
The judgment of the Law Division is reversed.