**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3696-17T4

H&S CONSTRUCTION AND
MECHANICAL, INC.,

    Plaintiff-Appellant,

v.

WESTFIELD PUBLIC SCHOOLS, and
YOUR WAY CONSTRUCTION, INC.,

    Defendants-Respondents,

and

APPLIED LANDSCAPE
TECHNOLOGIES, INC.,

    Defendant.

_____

Argued June 7, 2018 – Decided July 5, 2018

Before Judges Haas, Rothstadt and Gooden
Brown.

On appeal from Superior Court of New Jersey,
Law Division, Union County, Docket No. L-1111-
18.

Jeffrey S. Wilson argued the cause for
appellant (Hedinger & Lawless, LLC, attorneys;
Jeffrey S. Wilson, on the brief).

Richard J. Kaplow, argued the cause for respondent Westfield Public Schools.

Brent M. Davis argued the cause for respondent Your Way Construction, Inc. (Scarinci & Hollenbeck, LLC, attorneys; Brent M. Davis, on the brief).

PER CURIAM

Plaintiff, H&S Construction & Mechanical, Inc., the third lowest bidder for a project proposed by defendant Westfield Public Schools (Westfield),[1] appeals from the trial court's April 13, 2018 order dismissing its complaint to set aside the award of a contract to defendant Your Way Construction, Inc. (Your Way), the lowest bidder.[2] In its challenge, plaintiff argued that Westfield's waiver of Your Way's failure to include in its bid a "Certification of No Material Change of Circumstances" (CNMCC) from all of its subcontractors, violated public bidding laws. Westfield contended that Your Way's inclusion of a "Subcontractor Identification Statement" provided sufficient information to allow it to waive the alleged deficiency. On April 13, 2018, Judge Karen M. Cassidy determined that the alleged defect in the bid was

---

[1] On February 8, 2018, Westfield publically advertised for bids for alterations and renovations at the school district's athletic field.

[2] Defendant Applied Landscape Technologies, Inc. (Applied) chose not to participate in this appeal and did not file a brief.

nonmaterial and waivable, and dismissed the complaint. We now affirm.

The facts derived from the record are summarized as follows. Westfield's Notice to Bidders contained a statement advising bidders that it could "reject any and all bids or . . . waive informality in the bidding if it is in the interest of [Westfield] to do so." Its Bidding Information's Instructions to Bidders required bidders to be prequalified by the State, submit their "Notice of Classification[,]" and confirm "that there has been no material change in [its] qualification information[.]" It expressly provided that "[a]ny bid submitted . . . not including a copy of a valid and active Prequalification/Classification Certificate may be rejected as being nonresponsive to bid requirements." As to bidders' subcontractors, the instructions required that they be properly registered with the State.[3] The instructions also stated that a bidder had to submit a "Proposal Guarantee" that would "be forfeited if [the] successful [b]idder

---

[3] The Educational Facilities Construction and Financing Act, N.J.S.A. 18A:7G-1 to -48, requires bidders and certain subcontractors to be approved by the State for work on school projects. N.J.S.A. 18A:7G-37 addresses submissions that must be made by both bidders and subcontractors. See Brockwell & Carrington Contractors, Inc. v. Kearny Bd. of Educ., 420 N.J. Super. 273, 280 (App. Div. 2011) (holding that "subcontractors are 'firms' subject to the certification requirements of N.J.S.A. 18A:7G-37").

fails to execute the [a]greement between [Westfield] and [the c]ontractor . . . and [required that it] furnish the Performance Payment Bond[.]" Westfield's Bidder's Checklist required a CNMCC from both the bidder and its proposed subcontractors. It also required submission of a "Subcontractor Identification Statement" that identified each subcontractor's proposed trade and its State license number.

Five bidders responded to the notice to bidders, and on March 20, 2018, Westfield awarded the contract to Your Way, whose bid of $3,025,100 was the lowest bid. Applied had the second lowest bid at $3,247,750, and plaintiff had the third lowest bid at $3,292,000.

After plaintiff acquired a copy of Your Way's bid packet, it determined that it contained material deficiencies that should have rendered the bid void. Prior to Westfield's award of the contract, plaintiff challenged Your Way's bid in a March 8, 2018 letter to Westfield, arguing that it contained numerous deficiencies, including defective or omitted CNMCCs. Westfield responded by dismissing plaintiff's protest stating that its review of the bid found that it did not "'contain[] fatal defects' which render[ed it] legally 'non-responsive[.]'"

Plaintiff filed its complaint seeking to prevent Westfield from awarding the contract to Your Way, alleging that Your Way's

bid contained material deficiencies, and that plaintiff was entitled to the contract.[4] Among other deficiencies, plaintiff specifically alleged that although Your Way provided the names of eight subcontractors, it failed to submit a CNMCC for three of the eight listed subcontractors as required by N.J.S.A. 18A:18A-32,[5] a section of the Public School Contracts Law (PSCL), N.J.S.A. 18A:18A-1 to -59.

During oral argument on April 13, 2018, before Judge Cassidy, plaintiff argued that the CNMCC was required by Westfield's bid specifications and N.J.S.A. 18A:18A-32. As a result, Your Way's

---

[4] Plaintiff also challenged Applied's bid, first in its protest letter to Westfield and again in its complaint. The issues involving Applied are not relevant to our determination in this case, especially in light of Applied's decision to not participate and our upholding of the bid award to Your Way.

[5] The statute states:

> No person shall be qualified to bid on any public work contract with the board of education, the entire cost whereof will exceed $20,000.00, who shall not have submitted a statement as required by N.J.S.A. 18A:18A-28 within a period of one year preceding the date of opening of bids for such contract. Every bidder shall submit with his bid an affidavit that subsequent to the latest such statement submitted by him there has been no material adverse change in his qualification information except as set forth in said affidavit.
>
> [N.J.S.A. 18A:18A-32 (emphasis added).]

omission rendered its bid "invalid" preventing Westfield from determining whether "it's a waivable defect because it's a material[, i]ncurable defect on its face[.]" Citing to the Supreme Court's opinion in <u>Hillside v Sternin</u>, 25 N.J. 317 (1957), counsel argued that, as a required document, the failure to submit the CNMCC could not be waived and without it, the bid should not have been accepted. Quoting from our decision in <u>Bodies by Lembo, Inc. v. County of Middlesex</u>, 286 N.J. Super. 298, 304 (App. Div. 1996), counsel contended that by allowing Westfield to waive Your Way's omission, "[t]he conditions and specifications [did not] apply equally to all prospective bidders, [preventing] there [from being] a . . . common standard of competition" as required in public bidding.

At the conclusion of oral argument, Judge Cassidy placed her decision on the record. She disagreed with plaintiff's contentions and held that the alleged defect in Your Way's bid was nonmaterial and waivable for the reasons expressed in <u>Tec Electric, Inc. v. Franklin Lakes Board of Education</u>, 284 N.J. Super. 480 (Law Div. 1995).[6] The judge initially recognized that, as <u>Hillside</u>, 25 N.J.

---

[6] In <u>Tec Electric</u>, the Law Division concluded that a bidder's failure to include in its bid submission a "Prequalification Affidavit" that included a CNMCC was a nonmaterial, waivable defect. 284 N.J. Super. at 488. It reasoned that waiving the defect "would [not] deprive the municipality of its assurance that

at 322 required, "[t]he conditions and specifications of request for proposals must apply equally to all prospective bidders, otherwise there is no common standard of competition." After the judge evidently determined that the submission of the CNMCC was not mandatory, she applied the two-prong materiality test for local government contracts[7] established in Township of River Vale v. R.J. Longo Construction Company, 127 N.J. Super. 207, 216 (Law Div. 1974) and adopted by the Supreme Court in Meadowbrook Carting Company v. Borough of Island Heights & Consolidated Waste Services, Inc., 138 N.J. 307, 315 (1994). The judge found that the first prong of the test was satisfied because

---

the contract will be entered into, performed and guaranteed according to its specified requirements," id. at 484, because "[f]ailure to proceed with the execution of the contract work . . . would have subjected [the bidder] to severe financial and legal ramifications." Id. at 487. Addressing the integrity of the public bidding process, the court found that "the failure to submit a Prequalification Affidavit offered [the bidder] no opportunity adversely to affect competitive bidding[,]" nor did it "give rise to 'favoritism, improvidence, extravagance and corruption'" because the failure to include the affidavit did not "and could not influence the amount of . . . any other contractor's bid." Ibid. (citations omitted).

[7] Although a separate statutory framework applies to school boards entering into these contracts, the PSCL "was enacted to impose similar requirements on the purchasing procedures utilized by local boards of education to those required by the Local Public Contracts Law[ (LPCL), N.J.S.A. 40A:11-1 to -51]." F. S. D. Industr, Inc. v. Bd. of Educ. of the City of Paterson, 166 N.J. Super. 330, 334 (App. Div. 1979); Tec Elec., 284 N.J. Super. at 483.

> [t]he omission of [the CNMCCs] by some of the subcontractors could reasonably be waived because the contractor personally certified that it was qualified and able to complete the job. If a subcontractor were unable to complete its portion of the job, Westfield could look to the contractor for a remedy.

She explained:

> there was an assurance by the overall submission by Your Way that they in no way were going to leave the citizens of Westfield unprotected, that they did have safeguards that were provided in the certifications that were submitted as an overall project and that Westfield in looking at this document and the bid as a whole felt satisfied that these omissions were not material and, therefore, as they are permitted to do, could waive . . . those particular provisions.

Addressing the second prong, she stated:

> As to the second prong of the materiality test, these subcontractor's failure to submit the certification did not influence the amount of Your Way's overall bid, nor is there any evidence that waiving the certification requirement would place the bidders on uneven footing. If Westfield could waive the lack of certification for Your Way, they could equally waive these certifications for any other applicant. Therefore, . . . the failure . . . to submit the CNMCC is immaterial.

Judge Cassidy entered an order on the same day denying plaintiff's application for injunctive relief and dismissing its complaint. This appeal followed.

Plaintiff argues on appeal that "[c]ontrary to the trial court's determination, Your Way's bid was . . . fatally defective by reason of its failure to comply with [N.J.S.A. 18A:18A-32], the Instructions to Bidders and the Bidder's Checklist." According to plaintiff, the court erred in finding that the deficiency in Your Way's bid was nonmaterial and waivable and its "decision effectively emasculated a mandatory statutory requirement in N.J.S.A. 18A:18A-32[.]" Quoting from Bodies by Lembo, 286 N.J. Super. at 304, which stated that "[b]id proposals, to be accepted, must not materially deviate from the specifications set forth by the contracting agency[,]" plaintiff contends the trial court incorrectly determined the omission of the CNMCC was waivable and nonmaterial because of "the mandatory language contained in N.J.S.A. 18A:18AA-32[.]" We disagree.

Our standard of review of a trial court's review of a board of education's action is, at the outset, guided by our recognition that in the context of public bidding the "function of [the c]ourt is to preserve the integrity of the competitive bidding process and to prevent the misapplication of public funds." Marvec Constr. Corp. v. Twp. of Belleville, 254 N.J. Super. 282, 288 (Law Div. 1992); see also Barrick v. State, 218 N.J. 247, 261 (2014); In re Jasper Seating Co., Inc., 406 N.J. Super. 213, 226 (App. Div. 2009).

A governmental entity's decision to award a public contract is "reviewed under the ordinary standard governing judicial review of administrative agency final actions." Barrick, 218 N.J. at 259 (citing In re Protest of Award of On-Line Games Prod. & Operation Servs. Contract, 279 N.J. Super. 566, 653 (App. Div. 1995)); see also Marvec Constr. Corp., 254 N.J. Super. at 288. The reviewing court will not reverse the entity's decision unless it is demonstrated to be "arbitrary, capricious, or unreasonable, or . . . not supported by substantial credible evidence in the record as a whole." Barrick, 218 N.J. at 259 (quoting In re Stallworth, 208 N.J. 182, 194 (2011)).

Applying these guiding principles, we disagree with plaintiff's contentions and affirm substantially for the reasons stated by Judge Cassidy in her thoughtful and comprehensive oral decision. We add only the following comments.

Plaintiff's argument that N.J.S.A. 18A:18A-32 requires bidders to submit subcontractors' CNMCCs with their bids is "without sufficient merit to warrant discussion in a written opinion[.]" R. 2:11-3(e)(1)(E). Suffice it to say, the failure to include in a bid statutorily mandated documents is non-waivable. See N.J.S.A. 40A:11-23.1 (addressing submission requirements under the LPCL); see also P & A Constr., Inc. v. Twp. of Woodbridge, 365 N.J. Super. 164, 177 (App. Div. 2004). If not statutorily

mandated, the determination of whether the defects are minor or inconsequential and therefore waivable, or material and non-waivable is subject to the two-part River Vale test. P & A Constr., 365 N.J. Super. at 177.

Here, the statute's plain language contains no requirement for subcontractors to submit a CNMCC and "courts should not rewrite plainly worded statutes." Lippman v. Ethicon, Inc., 222 N.J. 362, 388 (2015). "As we have frequently noted, '[w]e cannot write in an additional qualification which the Legislature pointedly omitted in drafting its own enactment.'" Vitale v. Schering-Plough Corp., 231 N.J. 234, 253 (2017) (quoting DiProspero v. Penn, 183 N.J. 477, 492 (2005)). Had the Legislature intended that subcontractors' CNMCCs be submitted with bids for public school contracts, it clearly would have incorporated that requirement into the statute. See, e.g., N.J.S.A. 18A:18A-18(b) (stating circumstances when a bid must identify a bidder's subcontractors).

Similarly, there was no evidence in the record about the bid documents that demonstrated the substantive materiality of the omitted CNMCCs. There was no language in the bid proposal making the submission mandatory nor was there notice provided to the bidders that the consequences for non-compliance was automatic rejection. It also did not contain any clear and unequivocal

statement that explained the purpose for which the documents were requested. For example, there was no provision in any of the bid documents that the submission of the CNMCCs was mandatory and non-waivable, or that the failure to include them with the bid package could result in an automatic rejection, as was the case for "a [bidder's] valid and active Prequalification/Classification Certificate[.]" Thus, contrary to plaintiff's assertion, there was no "transform[ation of a] mandatory requirement in [Westfield's] specifications into a polite request." L. Pucillo & Sons, Inc. v. New Milford, 73 N.J. 349, 356 (1977). Judge Cassidy therefore properly conducted the correct analysis to determine whether the defect as alleged by plaintiff was waivable.

Finally, to the extent that plaintiff argued to us that Westfield's waiver of strict compliance regarding the CNMCCs gave rise to a successful bidder's right to abandon the project or narrow the pool of possible bidders, we find no evidence in the record supporting either contention and conclude that they are equally without merit. We only observe that a successful bidder's obligation to enter a contract was secured through a bid bond, and there was no demonstration that the failure to provide the CNMCCs with a bid disturbed the level playing field required in public bidding to preserve "the overriding interest in insuring the integrity of the bidding process[, which] is more important than

the isolated savings at stake." <u>Star of the Sea Concrete Corp.</u> <u>v. Lucas Bros., Inc.</u>, 370 N.J. Super. 60, 73 (2004) (quoting <u>Meadowbrook</u>, 138 N.J. at 313).

     Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION