**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2807-16T3

SALVATORE J. MORETTI,

     Appellant,

v.

BERGEN COUNTY
PROSECUTOR'S
OFFICE,

     Respondent.

_____

Submitted December 11, 2018 – Decided January 9, 2019

Before Judges Suter and Firko.

On appeal from the New Jersey Government Records Council, GRC Complaint No. 2015-390.

Salvatore J. Moretti, appellant pro se.

Florio, Perrucci, Steinhardt & Cappelli, LLC, attorneys for respondent Bergen County Prosecutor's Office (Craig P. Bossong and Michael J. Marotta, on the brief).

Gurbir S. Grewal, Attorney General, attorney for respondent Government Records Council (Cameryn J.

Hinton, Deputy Attorney General, on the statement in lieu of brief).

PER CURIAM

Appellant Salvatore Moretti appeals from two orders issued by the Government Records Council (GRC) denying his requests for the disclosure of documents pursuant to the New Jersey Open Public Records Act (OPRA), N.J.S.A. 47:1A-1 to -12, and the common law right of access (CLROA). We affirm, substantially for the reasons set forth in the written decision of the GRC.

At issue here are two separate requests for documents made in November 2015. Appellant made the first of these requests to respondent, Bergen County Prosecutor's Office (BCPO), seeking hardcopies via U.S. mail of "records" the BCPO has which would be helpful in continuing to live in Bergen County. In his second request, appellant sought "records for supporting materials so [he] does not become a victim of a municipal property seizure."

In response to appellant's request, the records custodian for the BCPO certified in a timely fashion on January 4, 2016, that access was denied because no specific government records were identified and a custodian did not have to aid a requester in articulating an OPRA request.

Appellant filed a Denial of Access Complaint with the GRC seeking the following:

1. All tax records as to reports on assessments due to arsons and felonies;

2. All felonies committed at 387 Park Street and 340 through 395 Park Street;

3. All Citi Bank robbery reports regarding the [appellant's] stick-up;

4. All evidence of conflicts about the City of Hackensack from 1958 through 1999; and

5. Miscellaneous others stated in this filing.

GRC's counsel sent a written response to appellant denying both requests, stating, "the two OPRA requests generically seek 'records' that would aid him, thus rendering the requests invalid because they seek unspecified documents rather than specifically named or identifiable government records." Counsel further stated: "The [c]ustodian had no legal duty to research her records to locate those potentially responsive to either of the [appellant's] requests." Legal authority was cited to support that statement.

In January 2017, the GRC Executive Director determined the requests were invalid and was satisfied that the custodian lawfully denied access for the reasons previously stated by GRC counsel, adding: "The [appellant] seemed to narrow the requests in his Denial of Access Complaint. However, these [five] items fail to cure any deficiencies present in the actual requests. Additionally,

it is implausible that the [c]ustodian could have gleaned these items from the requests at issue."

In February 2017, appellant filed a request for reconsideration of the GRC's final decision claiming a "change in circumstances, extraordinary circumstances, fraud, illegality, mistake, and new evidence" warranted same. In denying the reconsideration request, the GRC found that appellant failed to establish that it "acted arbitrarily, capriciously or unreasonably," and he "failed to provide any new or additional arguments as to why his request was somehow valid." This appeal followed.

We agree with the GRC's analysis and conclusion that the BCPO was not required to provide documents in response to appellant's overbroad first and second requests. The GRC found that the custodian appropriately denied access to appellant's "voluminous, but rambling OPRA requests" that "failed to identify government records," and did so in a timely manner. In support of its decision, the GRC cited the holding of this court that, "a custodian does not have to aid a requester to reshape an invalid OPRA request into a valid one." Lagerkvist v. Governor of N.J., 443 N.J. Super. 230, 237 (App. Div. 2015).

On appeal, appellant argues:

POINT I.

THE BERGEN COUNTY PROSECUTOR'S OFFICE ENGAGED IN ABUSE OF PROCESS, THEREBY PREVENTING APPELLANT FROM EARNING A LIVING.

POINT II.

BERGEN COUNTY PROSECUTOR MOLINELLI AND INVESTIGATOR MORDAGA ENGAGED IN CRIMINAL MAINTENANCE AND LITIGATION FUNDING, CONFISCATING APPELLANT'S REALTY IN HACKENSACK.

POINT III.

THE BCPO VIOLATED APPELLANT'S CIVIL RIGHTS, PROTECTED BY 42 U.S.C. §§ 1483 & 1485, AND N.J. STAT. ANN. § 10:6-1 TO 2, THE N.J. CIVIL RIGHTS ACT.

POINT IV.

THE BCPO DID NOT ENGAGE IN CLASSIC PROSECUTORIAL ACTS IN THE CASE AT BAR.

POINT V.

THE BCPO AND MORDAGA ARE IN VIOLATION OF N.J.S.A. 2A:170-83, BY SOLICITING DINNALL TO SUE THEREBY RECEIVING A PERCENTAGE OF THE RECOVERY.

POINT VI.

THE BCPO AND MORDAGA BY FORCING OUT BERGEN COUNTY SHERIFF JOSEPH CICCONE

5

AND HACKENSACK POLICE CHIEF CHARLES "KEN" ZISA HAVE ACCELERATED THE NUMBER OF HOME FORFEITURES, THEREBY FAILING TO ACT UNDER COLOR OF LAW.

POINT VII.

THE BCPO AND MORDAGA ARE ENGAGING IN LITIGATION FINANCING WHICH HAS RESULTED IN THE BANKRUPTING OF ATLANTIC CITY, N.J.

These arguments lack merit. A reviewing court "will not upset an agency's ultimate determination unless the agency's decision is shown to have been 'arbitrary, capricious, or unreasonable, or not supported by substantial credible evidence in the records as whole.'" Barrick v. State, 218 N.J. 247, 259 (2014) (quoting In re Stallworth, 208 N.J. 182, 194 (2011)). The "court owes substantial deference to the agency's expertise and superior knowledge of a particular field. Deference controls even if the court would have reached a different result in the first instance." In re Herrmann, 192 N.J. 19, 28 (2007). "[O]ur courts give 'great deference' to an agency's 'interpretation of statutes within its scope of authority and its adoption of rules implementing' the laws for which it is responsible." Hargrove v. Sleepy's, LLC, 220 N.J. 289, 302 (2015) (citations omitted). The judiciary should not interfere unless an agency's determination is "patently incompatible with the language and spirit of the law."

A-2807-16T3

In re Hudson City. Prob. Dep't., 178 N.J. Super. 362, 371 (App. Div. 1981) (internal citations and quotations omitted).

GRC decisions are governed by the same legal principles, and are therefore subject to the same standards of deference and review as any other state agency, Paff v. Galloway Twp., 229 N.J. 340, 356 n.7 (2017), meaning an agency's determination will not be upset unless it is affirmatively shown that it is arbitrary, capricious or unreasonable, or that it lacks fair support in the record. Karins v. City of Atl. City, 152 N.J. 532, 540 (1998); see also Fisher v. Div. of Law, 400 N.J. Super. 61, 70 (App. Div. 2008).

Requests for public records may be made under OPRA, or pursuant to the common law. OPRA provides that "all government records shall be subject to public access unless exempt . . . ." N.J.S.A. 47:1A-1. OPRA defines government records as:

> any paper, written or printed book, document, drawing, map, plan, photograph, microfilm, data processed or image processed document, information stored or maintained electronically or by sound-recording or in a similar device, or any copy thereof, that has been made, maintained or kept on file in the course of his or its official business by any officer, commission, agency or authority of the State or of any political subdivision thereof, including subordinate boards thereof, or that has been received in the course of his or its official business by any such officer, commission, agency, or authority of the State or of any political subdivision

A-2807-16T3

thereof, including subordinate boards thereof. The terms shall not include inter-agency or intra-agency advisory, consultative, or deliberative material.

[N.J.S.A. 47:1A-1.1.]

The agency bears the burden of showing that the law authorizes the denial of access to the documents sought. N.J.S.A. 47:1A-6. While OPRA creates a vehicle for access to important and useful information, it does not allow for "[w]holesale requests for general information to be analyzed, collated and compiled by the responding government entity." N.J. Builders Ass'n v. N.J. Council on Affordable Hous., 390 N.J. Super. 166, 177 (App. Div. 2007) (quoting MAG Entm't, LLC v. Div. of Alcoholic Beverage Control, 375 N.J. Super. 534, 546 (App. Div. 2005)). The GRC's Handbook for Custodians states that "[i]f a request does not name specifically identifiable records or is overly broad, a custodian may deny access . . . . [An e]xample of an overly broad request [would be]: 'Any and all records related to the construction of the new high school.'" Government Records Council, The New Jersey Open Public Records Act: Handbook for Records Custodians, 19 (5th ed. Jan. 2011). Appellant's requests are even broader. We reiterate that, "OPRA does not convert a custodian into a researcher . . . ." Lagerkvist, 443 N.J. Super. at 237, and conclude that the agency met its burden here.

Further, "the common-law definition of public record is broader than the [OPRA] definition." S. N.J. Newspaper v. Twp. of Mt. Laurel, 141 N.J. 56, 71 (1995). The definition is met where a record is a: (1) written memorial; (2) made by a public officer; (3) that the officer was authorized to make by law. Bergen Improvement Auth. v. N. Jersey Media Grp., 370 N.J. Super 504, 518 (App. Div. 2004). In other words, a common law public record is a record "made by public officers in the exercise of public functions." S. N.J. Newspaper, 141 N.J at 72.

A citizen seeking access to a common law public record must establish an interest in the subject matter of the material, and that citizen's right of access must be balanced against the government or agency's interest in preventing disclosure. Mason v. City of Hoboken, 196 N.J. 51, 67-68 (2008); Bergen County Improvement Auth., 130 N.J. Super. at 519. Our Supreme Court has articulated several factors to consider while balancing these interests, including:

> (1) the extent to which disclosure will impede agency functions by discouraging citizens from providing information to the government; (2) the effect disclosure may have upon persons who have given such information, and whether they did so in reliance that their identities would not be disclosed; (3) the extent to which agency self-evaluation, program improvement, or other decision[-]making will be chilled by disclosure; (4) the degree to which the information sought includes factual data as opposed to evaluative reports of policymakers; (5) whether any findings of public misconduct have been insufficiently corrected

9

by remedial measures instituted by the investigative agency; and (6) whether any agency disciplinary or investigatory proceedings have arisen that may circumscribe the individual's asserted need for the materials.

[S. Jersey Publ'g. Co. v. N.J. Expressway Auth., 124 N.J. 478, 488 (1991) (quoting Loigman v. Kimmelman, 102 N.J. 98, 112 (1986)).]

Appellant has failed to satisfy any of these criteria. Calling for the custodian to research and compile BCPO records in order to attempt to comply with appellant's requests here was clearly overbroad. See MAG, 375 N.J. Super. at 549-50. Such broad requests require a custodian "to manually search through all of the [files], analyze, compile and collate the information contained therein . . . ." Id. at 549. We do not require an agency to do the research and investigation appellant was required to do. Ibid. Because appellant's document requests were vague, generic, and failed to identify with any specificity the records he sought, his OPRA and common law requests were lawfully denied, and the denial of access was proper.

We find insufficient merit in appellant's other arguments to warrant further discussion in a written opinion. R. 2:11-3(e)(1)(D).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

10

A-2807-16T3