**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1767-17T3

ERNEST BOCK & SONS, INC.,

      Appellant,

v.

NEW JERSEY SCHOOLS
DEVELOPMENT AUTHORITY
and TERMINAL CONSTRUCTION
CORPORATION,

      Respondents.

_____

           Submitted February 13, 2019 – Decided March 8, 2019

           Before Judges Koblitz and Mayer.

           On appeal from the New Jersey Schools Development Authority.

           Hankin Sandman Palladino & Weintrob, attorneys for appellant Ernest Bock & Sons, Inc. (John F. Palladino, Evan M. Labov, and Elizabeth J.C. Duquette, on the briefs).

Dilworth Paxson LLP, attorneys for respondent New Jersey Schools Development Authority (James H. Landgraf, on the brief).

Peckar & Abramson, PC, attorneys for respondent Terminal Construction Corporation (Patrick J. Greene, Jr., on the brief).

PER CURIAM

Petitioner Ernest Bock & Sons, Inc. (Bock) appeals from a final agency decision by respondent New Jersey Schools Development Authority (Authority), awarding a bid to design and build a school facility to respondent Terminal Construction Corporation (Terminal). Bock contends Terminal's failure to include a complete copy of a portable digital file (PDF) of its bid was a material defect and therefore the bid should have been awarded to Bock. We disagree and affirm.

The facts relevant to the Authority's bid award are straightforward. On June 13, 2017, the Authority advertised bids for the design and build of the Dayton Avenue Educational Campus Project (Project). Bid proposals for the Project were due October 5, 2017.

In its advertisement, the Authority solicited a Request for Proposals (RFP) for the Project. The RFP required each bidder to submit an electronic PDF copy

of its technical proposal,[1] in addition to an unbound original and seven bound hard copies of the technical proposal. In accordance with the RFP, a bidder's "failure to include any of [the] required documents, or its failure to fully and properly complete [the] required documents may result in the rejection of its [t]echnical [p]roposal as non-responsive, and disqualify the [bidder] . . . ." The RFP also indicated the Authority "reserve[d] the right to waive technicalities" in the bid documents.

The Authority created a committee to review all bids and apply the weighted process set forth in the RFP. After applying the weighted review, the Authority ranked Terminal's bid first and Bock's bid second. Thus, Terminal was the approved bidder.

On November 11, 2017, Bock issued a formal protest letter, objecting to the Authority's award of the bid to Terminal. Originally, Bock lodged two objections to the Authority's bid award. On appeal, Bock only contends the Authority's bid award was improper because Terminal's bid was defective.

According to Bock, Terminal's failure to submit a complete PDF version of the technical proposal rendered Terminal's bid defective. Terminal's PDF

---

[1] The technical proposal included the identification of subcontractors designated to perform work on the Project.

A-1767-17T3

copy of the technical proposal lacked a complete organizational chart and the required subcontractor forms. However, Terminal provided the required information in the original and seven hard copies of its technical proposal submitted to the Authority in paper format.

After considering Bock's protest letters and Terminal's response, the Authority issued a final agency decision. In a written decision, dated December 5, 2017, the Authority rejected Bock's protest to the bid award. The Authority concluded the RFP did not identify submission of a complete electronic copy of the technical proposal as a basis for rejecting a bid. In addition, the Authority noted Terminal submitted the original and seven hard copies of its technical proposal, containing the required information. The Authority determined, "to the extent that the electronic copy did not fully match the original hard copy submission may be a technical defect, it is not a material one . . . . The [Authority] is within its discretion to waive non-material defects in bid submissions." It also rejected Bock's contention that Terminal had more time to submit its technical proposal by not completing the PDF copy. The Authority found Terminal had no more time for its submission than any other bidders and thus gained no competitive advantage. On December 7, 2017, the Authority awarded the $163.5 million contract for the Project to Terminal.

A-1767-17T3

Bock appeals, arguing Terminal's bid was materially defective because the PDF copy of its technical proposal was incomplete.

Our review of an agency action is limited. See In re Taylor, 158 N.J. 644, 656 (1999). Absent a showing that the agency action was "arbitrary, capricious, and unreasonable," Henry v. Rahway State Prison, 81 N.J. 571, 580 (1980), or a result of "bad faith, corruption, fraud, or gross abuse of discretion," we will affirm the agency's decision. In re Jasper Seating Co., Inc., 406 N.J. Super. 213, 222 (App. Div. 2009) (quoting Commercial Cleaning Corp. v. Sullivan, 47 N.J. 539, 548 (1966)).

The agency action under review in this case is the award of a public bid. The primary goal of the public bidding statutes is to "guard against favoritism, improvidence, extravagance, and corruption . . . ." Barrick v. State, 218 N.J. 247, 258 (2014) (quoting Keyes Martin & Co. v. Dir., Div. of Purchas & Prop., 99 N.J. 244, 256 (1985)). Public bidding laws are designed "to secure for the taxpayers the benefits of competition and to promote the honesty and integrity of the bidders and the system . . . ." In re Protest of Award of On-Line Games Prod. and Operation Servs. Contract, Bid No. 95-X-20175, 279 N.J. Super. 566, 589 (App. Div. 1995).

A-1767-17T3

Bidding contracts "must be awarded not simply to the lowest bidder," but to the bidder whose proposal is deemed to be the most advantageous, considering "price and other factors . . . ." Meadowbrook Carting Co. v. Borough of Island Heights & Consol. Waste Servs., Inc., 138 N.J. 307, 313 (1994); N.J.S.A. 52:18A-243(c). An agency may not make an award to a bidder "whose proposal deviates materially" from the bid specifications or requirements. Barrick, 218 N.J. at 259. Our Supreme Court has held "[r]equiring adherence to material specifications maintains a level playing field for all bidders competing for a public contract. Thus, requirements that are material to an RFP are non-waivable; the winning bidder's proposal must comply with all material specifications." Ibid. On the other hand, an agency may waive provisions as immaterial where the agency is provided with the required information. See Palamar Constr., Inc. v. Pennsauken Twp., 196 N.J. Super. 241, 256 (App. Div. 1983) (holding failure to provide a bidder qualification document was a waivable defect).

In reviewing whether a bid requirement is material and cannot be waived, the Supreme Court established a two-part test. The test requires the following determinations:

> [F]irst whether the effect of a waiver would be to
> deprive the [agency] of its assurance that the contract

will be entered into, performed and guaranteed according to its specified requirements and second, whether [the deviation] is of such a nature that its waiver would adversely affect competitive bidding by placing a bidder in a position of advantage over other bidders or by otherwise undermining the necessary common standard of competition.

[On-Line Games, 279 N.J. Super. at 594-95 (quoting Twp. of River Vale v. Longo Constr. Co., 127 N.J. Super. 207, 216 (Law Div. 1974)).]

We are satisfied Terminal's failure to submit a complete PDF copy of the technical proposal was not a material deviation because Terminal's hard copy submissions identified the subcontractors and provided a full organizational chart. The Authority's decision to waive the defect in Terminal's submission did not deprive the agency of its assurance that the contract would be performed because Terminal's hard copy documents provided all of the required information to the Authority.

Nor did the Authority's waiver give Terminal an unfair competitive advantage over other bidders. The Authority found Terminal was not given additional time to negotiate with subcontractors. To the contrary, the Authority determined "all bidders were given exactly the same amount of time to complete and submit [the] bid documents."

A-1767-17T3

The Authority rejected Bock's claim that by omitting information in the PDF copy of the technical proposal, Terminal was able to negotiate with subcontractors until the "last possible moment," thereby gaining a competitive advantage over other bidders. According to Bock, completion of a PDF copy of the technical proposal required Bock "to stop negotiating, select its subcontractors, fill out its original bid documents, then create the PDF [c]opy of all the documents, including those naming its subcontractors, and finally timely deliver both its original bid documents and the PDF [c]opy . . . ." According to Bock, the "need for the PDF [c]opy froze Bock's . . . negotiation process earlier than would occur in normal circumstances . . . ." Bock contends that because Terminal did not produce a complete PDF copy with its hard copy bid submission, Terminal had a "literal time advantage" over all other bidders.

Bock's argument that Terminal was able to "slip" information into its bid proposal at the last minute is unsupported by the record. Terminal's hard copy proposal included the names of subcontractors in typed format, evidencing that Terminal completed and printed the hard copy documents prior to submitting all documents to the Authority and therefore nothing was added at the last moment.

Although Terminal's bid failed to include a complete PDF copy, the Authority did not err in waiving that defect because it was immaterial. As our

8

Supreme Court has recognized, "minor or inconsequential discrepancies and technical omissions can be the subject of waiver." Meadowbrook, 138 N.J. at 314.

Nor did Terminal's failure to submit a complete electronic PDF copy of its bid afford a "post-bid advantage by subverting the review efforts of potential challengers." Bock and the other bidders were permitted to inspect Terminal's hard copy bid submission at the Authority's office. Bock clearly inspected both the hard copy and the PDF copy of Terminal's bid based on Bock's protest letter.

Based on our review of the record, we are satisfied the Authority's decision to award the bid to Terminal was not arbitrary, capricious, or unreasonable. The Authority had the right to reject bids based on material deficiencies, as well as the power to waive technical, immaterial deficiencies. The Authority properly determined the defect in Terminal's submission of its PDF copy of the bid was immaterial and could be waived because the information was included in Terminal's hard copy of the bid document. In addition, the agency had Terminal's assurance regarding its performance obligations based on the information provided in the hard copy of the bid proposal, and the lack of the information in the PDF copy of the bid proposal did not give Terminal an improper competitive advantage over other bidders.

A-1767-17T3

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-1767-17T3